Seyfarth Shaw LLP
Joshua A. Rodine (SBN 237774)
jrodine@seyfarth.com
Catherine S. Feldman (SBN 299060)
cfeldman@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
CAPGEMINI AMERICA, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPIKA MAMNANI, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>CAPGEMINI AMERICA, INC. a New Jersey Corporation, ANAND MOORTHY, an individual, and DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 2:22-cv-8807<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441**<br><br>Complaint Filed:    October 27, 2022<br><br>[*Filed concurrently with Notice of Interested Parties, Declarations, Corporate Disclosure Statement, and Civil Cover Sheet*] |

NOTICE OF REMOVAL

# TABLE OF CONTENTS

**Page**

I.   BACKGROUND ..................................................................................................1

II.   TIMELINESS OF REMOVAL ...........................................................................2

III.  JURISDICTION BASED ON DIVERSITY JURISDICTION ..............................2

IV.  VENUE ...............................................................................................................11

V.   NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT.......11

VI.  PRAYER FOR REMOVAL ...............................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Abrego v. The Dow Chem. Co.*,
 443 F.3d 676 (9th Cir. 2006) ................................................................................................... 5

*Ackerman v. Western Elec. Co., Inc.*,
 643 F. Supp. 836 (N.D. Cal. 1986) ......................................................................................... 8

*Armstrong v. Church of Scientology Int'l*,
 243 F.3d 546 (9th Cir. 2000) ................................................................................................... 2

*Behrazfar v. Unisys Corp.*,
 687 F. Supp. 2d 999 (C.D. Cal. 2009) .................................................................................... 6

*Boon v. Allstate Ins. Co.*,
 229 F. Supp. 2d 1016 (C.D. Cal. 2002) .................................................................................. 2

*Cassino v. Reichhold Chemicals, Inc.*,
 817 F.2d 1338 (9th Cir. 1997) ................................................................................................. 7

*Conrad Assocs. v. Hartford Accident & Indemnity Co.*,
 994 F. Supp. 1196 (N.D. Cal. 1998) ....................................................................................... 6

*Crangle v. Stanford Univ.*,
 JVR No. 802904, 2000 WL 33727181 (N.D. Cal. Mar. 2000) ............................................. 10

*Crum v. Circus Circuit Enters.*,
 231 F.3d 1129 (9th Cir. 2000) ................................................................................................. 7

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
 574 U.S. 81, 135 S. Ct. 547 (2014) ........................................................................................ 5

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
 325 F.2d 785 (9th Cir. 1963) ................................................................................................... 6

*Davis v. HSBC Bank Nevada, N.A.*,
 557 F.3d 1026 (9th Cir. 2009) ................................................................................................. 4

*Fritsch v. Swift Transp.*,
 899 F. 3d 785 (9th Cir. 2018) .................................................................................................. 9

*Galt G/S v. JSS Scandinavia*,
 142 F.3d 1150 (9th Cir. 1998) ............................................................................................. 6, 9

*Gaus v. Miles, Inc.*,
 980 F.2d 564 (9th Cir. 1992) ................................................................................................... 5

*Gibson v. Chrysler Corp.*,
 261 F. 3d 927 (9th Cir. 2001) ............................................................................................... 10

*Glenn-Davis v. City of Oakland*,
  No. C 02-2257 SI, 2008 WL 410239 (N.D. Cal. 2008) .................................................. 8

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ........................................................................................... 5

*Hertz Corp. v. Friend*,
  559 U.S. 77, 130 S.Ct. 1181 (2010) ................................................................................ 3

*James v. Childtime Childcare, Inc.*,
  No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543 (E.D. Cal. June 1, 2007) ............................................................................................................................... 7

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ........................................................................................... 2

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ........................................................................... 6

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ........................................................................................... 2

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
  119 S. Ct. 1322 (1999) .................................................................................................... 2

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) ........................................................................................... 5

*Rippee v. Boston Market Corp.*,
  408 F. Supp. 2d 982 (S.D. Cal. 2005) ............................................................................. 6

*Sanchez v. Monumental Life Ins. Co.*,
  102 F.3d 398 (9th Cir. 1996) ........................................................................................... 5

*Secru v. Laboratory Corp. of America*,
  No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763 (D. Nev. Nov. 9, 2009) ............................................................................................................................... 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
  19 F.3d 514 (10th Cir. 1994) ........................................................................................... 2

*Thompson v. Big Lots Stores, Inc.*,
  No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261 (E.D. Cal. 2017) ........................... 8, 10

*Traxler v. Multnomah County*,
  569 F.3d 1007 (9th Cir. 2010) ......................................................................................... 7

*Valdez v. Allstate Ins. Co.*,
  372 F.3d 1115 (9th Cir. 2004) ......................................................................................... 5

*Washington v. Havensa LLC*,
  652 F.3d 340 (3d Cir. 2011) ............................................................................................ 3

**State Cases**

*Horsford v. Bd. of Trs. of Cal. State Univ.*,
　132 Cal. App. 4th 359 (2005) ................................................................................................ 9

*Parker v. Twentieth Century-Fox Film Corp.*,
　3 Cal. 3d 176 (1970) .............................................................................................................. 7

*Roby v. McKesson Corp.*,
　47 Cal. 4th 686 (2009) ......................................................................................................... 10

**Federal Statutes**

28 U.S.C. § 84(c)(2) ................................................................................................................. 11

28 U.S.C. § 1332 ........................................................................................................................ 1

28 U.S.C. § 1332(a) ............................................................................................................. 6, 10

28 U.S.C. § 1332(a)(1) ...................................................................................................... 2, 5, 11

28 U.S.C. § 1332(c) ................................................................................................................... 4

28 U.S.C. § 1332(c)(1) ........................................................................................................... 3, 4

28 U.S.C. § 1441 .................................................................................................................. 2, 11

28 U.S.C. § 1441(a) ..................................................................................................... 1, 4, 5, 11

28 U.S.C. § 1441(b) ................................................................................................................ 1, 4

28 U.S.C. § 1446 ........................................................................................................................ 2

28 U.S.C. § 1446(a) ................................................................................................................. 11

28 U.S.C. § 1446(b) ................................................................................................................... 2

28 U.S.C. § 1446(d) ................................................................................................................. 11

**State Statutes**

California Government Code § 12940(h) ................................................................................. 1

California Government Code § 12965(b) ................................................................................. 9

Labor Code § 1102.5 ................................................................................................................. 1

Labor Code § 1102.5(b) ............................................................................................................ 9

**Other Authorities**

*Carroll v. Armstrong*,
　No. 34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento
　County Sup. Ct. Aug. 10, 2016) ............................................................................................ 8

*Hoeper v. City & County of San Francisco, JVR*,
   2017 WL 1136098 ................................................................................................................ 8

*Horsford v. The Bd. of Trustees of the California State University*,
   No. 600186-1, 2000 WL 35742371 (Fresno County Sup. Ct. Dec. 21,
   2000) ..................................................................................................................................... 8

*Pinter-Brown v. The Regents of the University of California*,
   No. BC624838, 2018 WL 1059156 (Los Angeles Sup. Ct. Feb. 15, 2018) ................... 9

To the United States District Court for the Central District of California, and Plaintiff Deepika Mamnani and her attorneys of record:

Please take notice that Defendant Capgemini America, Inc. ("Defendant") hereby files this Notice of Removal pursuant 28 U.S.C. sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

## I. BACKGROUND

1. On October 27, 2022, Plaintiff Deepika Mamnani ("Plaintiff") filed a Complaint in the Los Angeles County Superior Court, titled *Deepika Mamnani v. Capgemini America, Inc. a New Jersey Corporation, Anand Moorthy, an individual, and DOES 1-10, inclusive*, designated as Case No. 22STCV34454 (the "Complaint").

2. The Complaint asserts causes of action against Defendant for (1) Sexual Harassment in Violation of FEHA - Hostile Work Environment; (2) Sexual Harassment in Violation of FEHA - Quid Pro Quo (3) Sexual Battery; (4) Failure to Prevent Harassment, Discrimination or Retaliation; (5) Negligent Hiring, Retention & Supervision; (6) Retaliation in Violation of Labor Code Section 1102.5; (7) Retaliation – California Government Code § 12940(h) (8) Constructive Termination; (9) Intentional Infliction of Emotional Distress; (10) Negligent Infliction of Emotional Distress.

3. On November 3, 2022, Defendant's registered agent for service of process in California received, via process server, the Summons; Complaint; Civil Case Cover Sheet; First Amended General Order; and Notice of Case Assignment. A copy of these documents is attached as **Exhibit A** to the concurrently filed Declaration of Catherine Feldman ("Feldman Dec.").

4. On December 2, 2022, Defendant filed an Answer to the Complaint in Los Angeles Superior Court. A true and correct copy of Defendant's Answer filed in Los

Angeles County Superior Court is attached as **Exhibit B** to the Declaration of Catherine Feldman.

5. **Exhibit A** and **Exhibit B** constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to Defendant's filing this Notice of Removal. (Feldman Dec. ¶ 6.)

## II. TIMELINESS OF REMOVAL

6. This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Feldman Dec. ¶¶ 3-4, Exs. A-B.)

## III. JURISDICTION BASED ON DIVERSITY JURISDICTION

7. This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable under 28 U.S.C. sections 1441 and 1446 as the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

8. **Plaintiff's Citizenship.** "An individual is a citizen of the state in which he is domiciled." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (holding that "the place of residence is prima facie [evidence of] domicile"). Further,

evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

9. Plaintiff alleges that, at the time she filed this civil action, she is a resident of the State of Texas and is residing in the County of Harris. (Compl. ¶ 1.) Plaintiff does not allege that she ever resided in the State of California. Plaintiff's home address during the entire time period when she worked for Defendant was always within the State of Texas. (Declaration of Dipali Dhumal ["Dhumal Dec."] ¶ 6.) There are no documents in Plaintiff's personnel file to suggest in any way that she is currently, or during the periods of her employment was, a resident or citizen of any state other than Texas. (*Id*.) Based on Plaintiff's allegations in the Complaint and information from her personnel file, Plaintiff has, without exception, demonstrated "an intent to remain" in Texas and domicile in Texas. (*Id*.) Neither Plaintiff nor her counsel has provided a different address, or indicated that Plaintiff does not intend to remain domiciled in Texas.

10. Plaintiff is, therefore, and at all times since the commencement of this action has been, a resident and citizen of the State of Texas.

11. **Defendant Capgemini's Citizenship.** A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

12. Defendant is and was at the time the civil action was instituted a corporation organized under the laws of the State of New Jersey. (Dhumal Dec. ¶ 4.)

13. Furthermore, Defendant's headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in New York, New York.

(Dhumal Dec. ¶ 5.) The majority of Defendant's executive and administrative functions take place at its headquarters in New York. (*Id.*) A variety of Defendant's executives and corporate officers have offices in, and regularly work from, these headquarters, including but not limited to, the Secretary and Chief Executive Officer. (*Id.*) The functions performed at Defendant's New York headquarters include administrative functions such as human resources and legal. (*Id.*) Defendant's company-wide policies and procedures are formulated at Defendant's New York headquarters. (*Id.*) Defendant's activities and operations are directed and ultimately controlled from the New York headquarters. (*Id.*) Thus, Defendant is a citizen of New York and New Jersey, not California nor Texas. Accordingly, the requisite diversity of citizenship exists as to Defendant. *See* 28 U.S.C. § 1332(c)(1).

14. **Defendant Moorthy's Citizenship.** Defendant Anand Moorthy is now and, was at the time of the filing of this action, a citizen of a State other than California, New York, New Jersey, or Texas within the meaning of 28 U.S.C. section 1332(c)(1). *See Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).

15. Plaintiff alleges that Defendant Moorthy resides "in the County of DuPage, City of Naperville, State of Illinois." (Compl. ¶ 3.) Defendant Moorthy's home address throughout his employment with Defendant has always been within the State of Illinois. (Dhumal Dec. ¶ 8.)

16. Accordingly, pursuant to 28 U.S.C. section 1332(c), Defendant Moorthy is a citizen of Illinois for diversity purposes and there is complete diversity between the parties to this action.

17. **Doe Defendants May Be Disregarded.** Furthermore, in compliance with 28 U.S.C. section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. Thus, the inclusion of "Doe" defendants in Plaintiff's state court complaint

has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

18. **Amount In Controversy.** While Defendant denies any liability as to Plaintiff's claims, on the face of the Complaint Plaintiff prays for compensatory damages in an amount no less than $1,000,000. (Compl. Prayer for Damages ¶ A.) Even absent this allegation, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

19. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a *preponderance of the evidence* that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Furthermore, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

20. As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at

5
NOTICE OF REMOVAL

1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant(s) are not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

21. In determining whether a complaint meets the $75,000 threshold under 28 U.S.C. section 1332(a), the Court must consider a plaintiff's alleged aggregate damages, special damages, punitive damages, and attorney's fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney's fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

22. The calculations supporting the amount in controversy are based on Plaintiff's *potential* recovery pursuant to the claims alleged in the Complaint, assuming, without any admission, the truth of any of the allegations, and assuming liability (which Defendant vehemently disputes) based on Plaintiff's theory of recovery.

23. **Compensatory Damages.** In her Complaint, Plaintiff seeks to recover compensatory damages in an amount no less than $1,000,000. (Compl. Prayer for Relief ¶ A.) While this amount alleged on the face of the operative pleading definitively satisfies the amount in controversy requirement, Defendant includes the following analysis to further prove that the amount in controversy exceeds the statutory minimum.

24. Plaintiff's Compliant alleges claims under the FEHA for sexual harassment, quid pro quo sexual harassment, failure to prevent harassment, and retaliation. Under the

FEHA, a prevailing plaintiff is entitled to lost compensation, including fringe benefits, in the amount that he or she would have received but for the adverse employment action, less sums obtained through mitigation. *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal. 3d 176, 181 (1970).

25. Plaintiff alleges she was hired by Defendant in or about August 2014 and was constructively terminated in or about September 2020. (Compl. ¶ 10.) Indeed, Defendant's records indicate that her employment with Defendant began on August 25, 2014, and her date of separation was September 5, 2020. (Dhumal Dec. ¶ 6.) Plaintiff was employed by Defendant full time earning $231,629 annually, plus a potential annual variable compensation award. (Dhumal Dec. ¶7.) Conservatively estimating a late October 2023 trial date (twelve months after the Complaint was filed), Plaintiff's past lost wages alone would amount to approximately $714,189.42.[1]

26. In addition to back pay, a plaintiff who prevails on a claim for constructive discharge may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See*, *e.g.*, *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Crum v. Circus Circuit Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

27. An award of three years of front pay would entitle Plaintiff to more than $694,887 in additional recovery.[2] *See Traxler v. Multnomah County*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay

---

[1] $19,302.42/monthly salary x 37 months.
[2] $231,629 annual salary x 3 years.

in a wrongful termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate" in an employment suit) *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's alleged lost wages total **$1,409,076**, definitively establishing the amount in controversy requirement.

28. **Emotional Distress Damages.** In addition to compensatory damages, Plaintiff claims emotional distress damages. (Compl. ¶¶ 44, 55, 62, 68, 77, 81, 108, 114, and Prayer for Relief ¶ B.) In particular, Plaintiff claims that as a result of Defendant's conduct Plaintiff has suffered and continues to suffer "severe and extreme mental and emotional distress, including but not limited to anguish, humiliation, embarrassment, depression and anxiety." (Compl. ¶ 114.) Plaintiff further alleges that she is "informed and believe and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character." (*Id.*) In *Thompson v. Big Lots Stores, Inc.*, No. 1:16-cv-01464-LJO-JLT, 2017 WL 590261, *4 (E.D. Cal. 2017), the Eastern District of California made clear that "[i]n determining the amount in controversy, a court may assess likely emotional distress damages by reference to damages awards in similar discrimination cases." Applying that rule, the *Thompson* court found the defendant met its burden of showing that damages awards for emotional distress in analogous cases are often substantial, where the defendant pointed to a jury award of $122,000 in emotional distress damages to an employee who sued for discrimination and wrongful termination. *Id.*

29. In fact, such damages may exceed $122,000. A review of jury verdicts in California demonstrates as much. *See, e.g.*, *Hoeper v. City & County of San Francisco, JVR,* 2017 WL 1136098 ("jury found for the plaintiff and awarded her … $1,291,409.00 for emotional distress, mental anguish and humiliation"); *Carroll v. Armstrong*, No. 34-2012-00135527-CU-OE-GDS, 2016 WL 7094518 (Sacramento County Sup. Ct. Aug. 10, 2016) ("jury found for the plaintiff and awarded her … $750,000.00 for emotional distress, pain and suffering"); *Horsford v. The Bd. of Trustees of the California State*

8

NOTICE OF REMOVAL

*University*, No. 600186-1, 2000 WL 35742371 (Fresno County Sup. Ct. Dec. 21, 2000) ("Plaintiff [] recovered on her claims for … retaliation in violation of Labor Code § 1102.5(b) and was awarded $1.2 million in non-economic damages"); *Pinter-Brown v. The Regents of the University of California*, No. BC624838, 2018 WL 1059156 (Los Angeles Sup. Ct. Feb. 15, 2018) (awarding $10,000,000.00 in emotional distress damages, alone, to a former UCLA oncologist who alleged she was constructively discharged and retaliated against, even though she obtained a similar job at another prestigious university immediately upon resigning from her job at UCLA). The emotional distress awards cited herein demonstrate that, for diversity purposes, the value of Plaintiff's emotional distress damages exceeds the $75,000.00 amount in controversy requirement.

30. **Attorney's Fees.** Plaintiff also claims statutory entitled to attorney's fees. (Compl. ¶¶ 46, 57, 70, 95, and Prayer for Relief ¶ E.) Attorney's fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt, supra*, 142 F.3d at 1156 (claims for statutory attorney's fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). The amount of attorney's fees for purposes of amount in controversy calculations is the expected reasonable attorney's fees through trial. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."). Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts four FEHA claims against Defendant in the Complaint. (Compl. First, Second, Fourth and Seventh Causes of Action.)

31. Defendant anticipates that the Parties will propound written discovery, that depositions will be taken in this case, and that Defendant will file a Motion for Summary Judgment. (Feldman Dec. ¶ 7.) Here, if Plaintiff prevails, she could be entitled to an award of attorney's fees that alone are "more likely than not" to exceed $75,000, as is typical in employment cases.

32. **Punitive Damages.** Plaintiff also seeks punitive damages in the Complaint. (Compl. ¶¶ 45, 56, 63, 69, 83, 94, 103, 110, and Prayer for Relief ¶ C.) The Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "Because plaintiff brings a claim under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive damages may be included in the amount in controversy here." *Thompson, supra*, 2017 WL 590261 at *4.

33. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged retaliation cases. *See*, *e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009); *Thompson*, 2017 WL 590261 at *5 (citing to cases in which the plaintiffs were awarded punitive damages valued at $2 million and $800,000.00 for discrimination and retaliation cases under FEHA in finding that defendant "met its burden of showing that punitive damages awards in analogous cases often exceed the jurisdictional minimum on their own"); *Crangle v. Stanford Univ.*, JVR No. 802904, 2000 WL 33727181 (N.D. Cal. Mar. 2000) (punitive damages award of $200,000.00 where sole remaining claim was for retaliation based on making complaint of discrimination).

34. In sum, Plaintiff's aggregated recovery on her claims, including compensatory damages, attorneys' fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant vehemently denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. section 1332(a).

35. Because diversity of citizenship exists between Plaintiff and all named Defendants, and the amount in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1) and removal is proper.

**IV. VENUE**

36. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of California, Western Division. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**V. NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT**

37. Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

38. This Notice of Removal will be served on counsel for Plaintiff, and a copy of the Proof of Service will be filed shortly after these papers are filed and served.

39. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as **Exhibits A** and **B**. (Feldman Dec. ¶ 6.)

///
///
///
///
///
///
///

11
NOTICE OF REMOVAL

## VI. PRAYER FOR REMOVAL

40. Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

DATED: December 5, 2022					SEYFARTH SHAW LLP


							By: /s/ Catherine S. Feldman
								Catherine S. Feldman
								Attorneys for Defendant
								CAPGEMINI AMERICA, INC.